(No. 3171—

TED STREET, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 25, 1938.*

HICKMAN & SCHWARTZ, for claimant.

OTTO KERNER, Attorney General; GLENN A. TREVOR, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Under a claim filed February 15, 1938 plaintiff seeks an award of Eight Hundred Seventy-two and 18/100 ($872.18) Dollars for loss of time and injury to the thumb of his left hand, while employed on September 23, 1937 as a Highway workman on S. B. I. Route No. 1, near the City of Lawrenceville, Illinois. The record discloses that claimant was assisting a fellow-workman transfer a drum of asphalt from a truck to a heating kettle on the machine used for putting a traffic stripe on the cement highway. In so doing, the thumb of claimant's left hand was caught in a pulley and the injury necessitated amputation of the thumb at the Distal joint. Medical bills which were incurred, in the sum of Thirty-nine and 50/100 ($39.50) Dollars, have heretofore been paid to Dr. A. R. Lindsay of Lawrenceville, Illinois, and Dr. W. A. Bittner of Paris, Illinois. Claimant has received temporary compensation in the sum of Fifty-five and 32/100 ($55.32) Dollars, covering temporary total disability for four (4) weeks and three (3) days.

At the time of the accident he was being paid Fifty (50) Cents per hour for eight (8) hours a day. Neither he nor others similarly employed had been working as much as two hundred (200) days per year, and the latter figure is therefore, under the provisions of the Workmen's Compensation Act, to be taken as the minimum period in determining claimant's average annual earnings. Upon this basis his average annual earnings would have been Eight Hundred ($800.00) Dollars and his average weekly wage would be computed at Fifteen and 38/100 ($15.38) Dollars. He was paid for his temporary disability for four (4) weeks and three (3) days, the sum of Fifty-five and 32/100 ($55.32) Dollars, but upon the basis of fifty (50) per cent of his average weekly wage of Fifteen and 38/100 ($15.38) Dollars, or Seven and 69/100 ($7.69) Dollars per week he should have been paid Thirty-four and 06/100 ($34.06) Dollars, and an over-payment appears to have been made of Twenty-one and 26/100 ($21.26) Dollars.

He is further entitled, under the provisions of the Illinois Workmen's Compensation Act, to a specific award for the loss of the first phalange of his left thumb. Section 8 (e) 1 of the Act provides for "Fifty (50) per cent of the average weekly wage during seventy (70) weeks for the loss of a thumb," and Section 8 (e) 6 provides, "That the loss of the first phalange of the thumb shall be considered to be equal to the loss of one-half of such thumb, and compensation therefor shall be one-half of the amount due for the total loss of the thumb."

An allowance of Seven and 69/100 ($7.69) Dollars per week for thirty-five (35) weeks, being fifty (50) per cent of the average weekly wage, multiplied by one-half of the number of weeks allowed for total loss of the thumb, equals Two Hundred Sixty-nine and 15/100 ($269.15) Dollars. Such amount is due the claimant, less the amount heretofore overpaid for temporary total disability of Twenty-one and 26/100 ($21.26) Dollars.

An award is therefore hereby allowed to claimant in the sum of Two Hundred Forty-seven and 89/100 ($247.89) Dollars. We further find that all of such compensation has accrued prior to this date.

This award being subject to the provisions of an Act entitled, "An Act Making an Appropriation to Pay Com-

pensation Claims of State Employees and Providing for the Method of Payment Thereof,'' Approved July 3, 1937 (Sess. Laws 1937 p. 83), and being, by the terms of such Act, subject to the approval of the Governor, is hereby, if and when such approval is given, made payable from said appropriation from the Road Fund in the manner provided for in such Act.